COY SMITH v. ROCHESTER AMERICAN INSURANCE COMPANY.

TOPPING *v.* BOARD OF EDUCATION.

(Filed 17 September, 1958.)

**Insurance § 19c—**

    The policy in suit covered loss by fire of tobacco, the property of others, while in the custody of insured warehouseman. Tobacco purchased by plaintiff at a regular sale for resale was destroyed by fire while on the warehouse floor. *Held:* The policy does not permit the technical construction that it covered tobacco held for sale but not for resale, and plaintiff is entitled to recover.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Parker, J.,* February, 1958 Term, PITT Superior Court.

Civil action to recover on an insurance policy issued by the defendant to the Dixie Warehouse to cover loss by fire "on leaf, loose, scrap and stem tobacco, the property of others, while in the custody of the insured for auction and until sold at auction." The policy required the insured to keep records and to report all sales and resales. The premium was based on the gross receipts.

The evidence disclosed the plaintiff, a "pin hooker," purchased 1,500 pounds of leaf tobacco at a regular sale on October 20, 1956. He left the tobacco on the floor of the insured, intending to re-work it and resell it at the next regular auction on Monday, October 23. However, on the night of the 20th the warehouse and its contents burned.

The defendant moved for nonsuit on the ground the insurance covered the tobacco held for sale, but not for resale. The Judge, sitting as a small claims court, found appropriate issues for the plaintiff and rendered judgment for the value of the tobacco. The defendant appealed.

*James & Speight for defendant, appellant.*
*M. E. Cavendish, L. W. Gaylord, Jr., for plaintiff, appellee.*

PER CURIAM. The purpose of insurance is to insure. The language of the policy here involved does not require and does not permit the narrow and technical construction contended for by the defendant. The evidence was sufficient to warrant the Judge in finding the issues and rendering judgment for the plaintiff.

Affirmed.

PARKER, J., took no part in the consideration or decision of this case.